AE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VERSIA McKINNEY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 04 C 8248 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| CADLEWAY PROPERTIES, INC. and | ) | |
| CINDY SCIALOIA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Versia McKinney filed a one-count complaint against Cadleway Properties, Inc. ("Cadleway") and Cindy Scialoia alleging that they violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Both parties have filed motions pursuant to Federal Rule of Civil Procedure ("Rule") 56(c) for summary judgment. For the reasons set forth below, both motions are denied.

### Facts[1]

On October 1, 1996, plaintiff entered into a $5,200.00 promissory note with the U.S. Small Business Administration. (Def.'s LR 56.1(a) Stmt. ¶ 1.) Subsequently, Cadleway acquired the note, and plaintiff defaulted on it. (*Id.* ¶¶ 2-3.)

On September 24, 2000, Cadleway sent plaintiff a collection letter. (*Id.* ¶ 4.) Among other things, the letter says: **Please read the Validation of Debt Notice on the REVERSE SIDE OF**

---

[1] Unless otherwise noted, the following facts are undisputed.

**THIS LETTER, which we provide in compliance with the Fair Debt Collection Practices Act.**

**Please complete the Validation of Debt Notice and return it to us**. (*Id.* (emphasis in original).)

The reverse side of the letter says:

> In accordance with 15 U.S.C. 1692e(11), please be advised that the purpose of this letter is to collect a debt, and any information obtained from you will be used for that purpose. Each of the following items applies directly to the debt, which CADLEWAY PROPERTIES, INC. is attempting to collect from you:
>
> CADLEWAY PROPERTIES, INC. purchased your debt from Lehman Capital/Aurora Loan Services, Inc. The total amount owed as of the date of this Validation of Debt Notice is $4,370.02, which includes the principal balance of $4,032.63 plus accrued interest and other charges of $337.39. Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. If you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-866-462-2353, Ext. 104.
>
> If you notify CADLEWAY PROPERTIES, INC. in writing within thirty days of your receipt of this letter that the debt, or any portion thereof, is disputed, CADLEWAY PROPERTIES, INC. will obtain verification of the debt or a copy of the judgment against you and a copy of such verification or judgment will be mailed to you by CADLEWAY PROPERTIES, INC. The mailing address is as follows: CADLEWAY PROPERTIES, INC. 114 Turner Road, Clifton Forge, VA 24422.
>
> Unless you notify CADLEWAY PROPERTIES, INC. within 30 days of your receipt of this notice, that you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by CADLEWAY PROPERTIES, INC.
>
> Upon your written request within 30 days of your receipt of this notice, CADLEWAY PROPERTIES, INC. will provide you with the name and address of the original creditor, if different than CADLEWAY PROPERTIES, INC.
>
> The total amount owed as of the date of this Validation of Debt Notice is the total amount owed based on the information currently in our system. Please confirm this balance or state the amount which you believe is the correct balance so that we may correct our records before we report to the credit bureau in accordance with 15 U.S.C. 1681. We reserve the right to correct any error in calculating the total amount owed at any time.

(Compl., Ex. A, Letter from Scialoia to McKinney of 9/24/00.)

> At the bottom of the page, the following worksheet appears:
>
> The total amount owed as of September 24, 2004 of $_____ is confirmed. Total amount owed is incorrect. The total amount owed should be $_____. Our File No. : 0K261590   Date: _____
> Home Phone: _____   Work Phone: _____
> Comments: _____
> _____
> Signed: _____

(*Id.*)

## Discussion

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

### Plaintiff's Motion

Plaintiff's motion for summary judgment is easily dispatched. To prevail on her FDCPA claim, plaintiff must prove, among other things, that defendants used a "false, deceptive, or misleading representation or means in connection with the collection of a[] debt." 15 U.S.C. §

3

1692(e). The statute defines debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

Plaintiff offers no evidence that suggests the note underlying this action is a "debt" within the meaning of the statute. Rather, she relies entirely on an allegation of her complaint to satisfy the debt element of her claim. (*See* Pl.'s LR 56.1(a) Stmt. ¶ 8.) Judgment cannot be entered for plaintiff on the strength of an unsubstantiated allegation. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (to prevail on summary judgment, "the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party."); *cf. Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) ("In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). Because plaintiff has offered no evidence to establish an essential element of her claim, her summary judgment motion must be denied.

**Defendants' Motion**

Ordinarily, plaintiff's failure to offer proof of the debt element of her claim would not only doom her motion but guarantee that defendants' would succeed. *See Celotex Corp.*, 477 U.S. at 322-23. Defendants, however, do not raise the debt issue in their briefs. Thus, they have waived any argument that plaintiff's failure to offer proof of the debt element is a basis for granting their motion.

The FDCPA requires debt collectors to include debt validation notices in their collection letters. 15 U.S.C. § 1692g(a). It also imposes on debt collectors a duty not to confuse the unsophisticated consumer by, among other things, "contradicting or overshadowing" the debt validation notice. *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997) (quotation omitted). A letter violates the FDCPA if it would confuse an "unspohisticated debtor," that is, a debtor "who possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000) (quotations omitted). In other words, "a statement [is] not . . . confusing or misleading unless a significant fraction of the population would be similarly misled." *Id.*

Plaintiff does not dispute that the letter contains the required validation notice. But she says that notice was overshadowed by the last paragraph of the debt validation notice:

> The total amount owed as of the date of this Validation of Debt Notice is the total amount owed based on the information currently in our system. Please confirm this balance or state the amount which you believe is the correct balance so that we may correct our records before we report to the credit bureau in accordance with 15 U.S.C. 1681. We reserve the right to correct any error in calculating the total amount owed at any time.

and the worksheet following it:

> The total amount owed as of September 24, 2004 of $_____ is confirmed. Total amount owed is incorrect. The total amount owed should be $_____. Our File No.: 0K261590    Date: _____
> Home Phone: _____    Work Phone: _____
> Comments: _____
>
> Signed: _____

(Defs.' LR 56.1(a) Stmt., Ex. A, Letter from Scialoia to McKinney of 9/24/00.)

5

The Court agrees. Asking plaintiff to confirm any amount she owes, as the challenged text and worksheet do, is the same as asking her whether she disputes the debt. Unlike the validation notice that precedes it, however, the confirmation provision does not say how long plaintiff has to confirm. Moreover, the stated consequence for failing to dispute is that defendants would assume the entire debt is valid while the implied consequence for failing to confirm is a damaged credit rating. Taken together, the validation notice and confirmation provision could be interpreted to mean either: (1) that the debtor has thirty days to dispute/confirm the debt and her failure to do so within that time will lead defendants to assume that the entire debt is valid and to report the entire debt as unpaid to the credit bureau; or (2) that the debtor has both the option to dispute the debt within thirty days and the obligation to confirm the debt within an unspecified period of time, that her failure to do the former will lead defendants to assume that the debt is valid and her failure to do the latter will cause them to report the entire debt as unpaid to the credit bureau.

The first interpretation requires the reader to conclude that the words dispute and confirm are synonymous and that the confirmation provision is just an elaboration of the validation notice. Perhaps a savvy consumer would draw those conclusions from this letter. But an unsophisticated consumer, faced with a letter that separately discusses the debtor's option to dispute and apparent obligation to confirm and sets forth different consequences for the failure to do each, would not. Rather, an unsophisticated consumer would reasonably conclude that disputing and confirming are separate acts and that she should confirm as soon as possible to avoid damaging her credit rating. Because this letter would confuse unsophisticated consumers about their statutory validation right, defendants' summary judgment motion must be denied. *See Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 415 (7th Cir. 2005) (stating that extrinsic evidence of confusion is not required to

defeat summary judgment motion if "the letter itself . . . plainly reveal[s] that it would be confusing to a significant fraction of the population").

In sum, any reasonable jury would find that the contested letter would confuse an unsophisticated consumer. Thus, the only issue that remains for trial is whether plaintiff's obligation is a debt within the meaning of the FDCPA.

## Conclusion

For all of the reasons stated above, both parties' motions for summary judgment [doc. nos. 27 & 31] are denied. Moreover, because the Court did not rely on any of the alleged facts that are the subject of defendants' motion to strike, that motion [doc. no. 35] is stricken as moot. At the next status hearing, the parties should be prepared to set dates for submission of the final pre-trial order and for trial.

**SO ORDERED.**  ENTERED: 1/20/06

HON. RONALD A. GUZMAN
United States District Judge