IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VERSIA S. MCKINNEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 04 C 8248 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| CADLEWAY PROPERTIES, INC., and CINDY SCIALOIA, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Versia McKinney ("Plaintiff") filed a complaint against Defendants, Cadleway Properties, Inc. ("Cadleway") and Cindy Scialoia ("Scialoia") (collectively "Defendants"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Pursuant to Federal Rules of Civil Procedure 56(c) Plaintiff and Defendants cross-move for summary judgment. Plaintiff's motion is granted with respect to Cadleway because within the meaning of the FDCPA, Cadleway is a "debt collector" and Plaintiff's obligation is a "debt." Defendants' motion is granted in favor of Scialoia because there is no genuine issue of material fact that she was employed by Cadleway and acting within the scope of her employment.

**FACTS**

Plaintiff acquired a home repair assistance loan from the Small Business Administration ("SBA") on September 19, 1996 to repair damage to her home caused by sewer overflow and to ensure protection from future water damage. (Pltf. Ex. O; Mem. Supp. Pl.'s Mot. Summ. J. at 2-3). In September of 2002, Aurora Services purchased Plaintiff's loan from the SBA and in turn sold the

loan to Cadleway. (Mem. Supp. Pl.'s Mot. Summ. J. at 2-3.) Prior to Cadleway's acquisition of Plaintiff's loan, Plaintiff defaulted on her payments. (*Id.*) Subsequently, Cadleway sent Plaintiff a letter requesting validation and confirmation of Plaintiff's debt. (*Id.*)

Cadleway alleges that it is not a "debt collector" within the meaning of the FDCPA.[1] (Defs.' Br. Supp. Defs.' Mot. Summ. J. at 1.) Cadleway claims that it is an investment company that originated as a commercial real estate acquisitions company and currently seeks to acquire assets for profit. (*Id.* at 3.) Cadleway asserts that because it collects its own debts, it is a "creditor" and exempt from the provisions of the FDCPA. (*Id.*) Furthermore, Cadleway contends Scialoia, an employee of Cadleway, did not violate the Act because she falls within an exception provided for employees attempting to collect debts in the name of their employer. (*Id.* at 4-5.)

Prior to filing cross-motions before this Court, both parties filed for summary judgment before Honorable Ronald A. Guzmàn; both motions were denied on January 20, 2006.[2] In order to mount a successful claim under the FDCPA, Plaintiff must demonstrate: (i) plaintiff's obligation is a "debt;" (ii) defendant is a "debt collector;" and (iii) the "debt collector's" actions violate the FDCPA. Courts examine alleged FDCPA violations "through the eyes of an 'unsophisticated debtor." *See Durkin v. Equifax Check Serv. Inc.*, 406 F.3d 410, 414 (7th Cir. 2005); *Pettit v. Retrieval Masters Creditors Bureau*, 211 F.3d 1057, 1060 (7th Cir. 2000) (stating "we and other courts have held that our uneducated debtor possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses 'reasonable intelligence,' and is capable of making basic logical deductions and inferences."). In ruling upon the previous

---

[1] Defendants' exhibit "DxA," the "Affidavit of William E. Shaulis" is stricken from the record as it violates the Federal Rules of Civil Procedure Rule 37(c)(1). FED. R. CIV. PRO. 37(C)(1). However, striking this affidavit does not change the conclusion of this Opinion because doing so does not give rise to any issue of material fact.
[2] By reference, this Court incorporates Judge Guzmàn's entire Memorandum Opinion and Order. No. 04 C 8248, 2006 WL 208707 (N.D. Ill. Jan. 20, 2006).

motions for summary judgment, Judge Guzmàn concluded, "[a]ny reasonable jury would find that the contested letter would confuse an unsophisticated consumer." *McKinney v. Cadleway Prop., Inc.*, No. 04 C 8248, 2006 WL 208707 (N.D. Ill. Jan. 20, 2006.) However, because neither Plaintiff nor Defendants addressed whether Plaintiff's obligation is "debt" or whether Defendants are "debt collectors" within the meaning of the FDCPA, Judge Guzmàn did not grant summary judgment in favor of either party. *Id.* at *2. (stating "[b]ecause plaintiff has offered no evidence to establish an essential element of her claim, her summary judgment motion must be denied.").

Therefore, a determination of the cross-motions before this Court requires the resolution of two remaining issues: (i) whether, within the meaning of the FDCPA, Plaintiff's obligation is a "debt;" and (ii) whether, within the meaning of the FDCPA, Defendants are "debt collectors."

## STANDARD OF REVIEW

Rule 56(c) states that a motion for summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Summary judgment is appropriate where there is no genuine issue as to any material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). This Court views evidence and draws all reasonable inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill, Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). When considering cross-motions for summary judgment, this Court draws all reasonable inferences in favor of the party against whom the motion being considered is made. *Allen v. City of Chi.*, 351 F.3d 306, 311 (7th Cir. 2003). Once a moving party has demonstrated that summary judgment is appropriate, the opposing party must do more than "simply show that there is some metaphysical doubt as to material facts" to defeat the motion. *Matsushita Electric Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 547, 586-87 (1986). A "mere scintilla of evidence" is insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252.

## DISCUSSION

Congress enacted the FDCPA to "protect against abusive debt collection practices which would likely disrupt a debtor's life." *Pettit*, 211 F.3d at 1059; *see also* 15 U.S.C. § 1692(e). The Act forbids the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The FDCPA "applies only to 'debt collectors' whose conduct involves the collection of a debt." *McCready v. Ebay, Inc.*, 453 F.3d 882, 887 (7th Cir. 2006). In order for a violation to occur, the debt in question must fall within the Act's definition of "debt," and the person collecting the debt in violation of the Act must fall within the Act's definition of "debt collector."

When interpreting a statute with plain language, a court's duty is to enforce the statute's terms. *Pittway Corp. v. U.S.*, 102 F.3d 932, 936 (7th Cir.1996). The plain language of the FDCPA "tells us that an individual is not a 'debt collector' subject to the Act if the debt he seeks to collect was not in default at the time he purchased (or otherwise obtained) it." *Bailey v. Sec. Nat'l Servicing Corp.*, 154 F.3d 384, 387 (7th Cir. 1998); *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 959 (7th Cir. 1997) (stating "[t]he statute specifically does not apply to entities who acquire a debt 'not in default at the time it was obtained.'"). Likewise, the statute's language indicates that an individual who obtains a debt that is in default is a 'debt collector' within the meaning of the FDCPA. 15 U.S.C. § 1692a(5); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003); *see also Bailey,* 154 F.3d at 387 (stating "[c]ommon sense and the plain meaning of the statute require that we distinguish between an individual who comes collecting on a defaulted debt and one who seeks collection on a debt owed under a brand new payment plan").

4

The FDCPA defines "debt" as:

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5). The FDCPA defines "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. This term does not include
> (a) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor . . .
> (f) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such a person.

15 U.S.C. § 1692a(6). "Creditors" fall outside of the provisions of the FDCPA. The FDCPA makes a distinction between "debt collectors" and "creditors" because "creditors generally are restrained by the desire to protect their good will when collecting past due accounts;" however, "debt collectors may have no future contact with the consumer and often are unconcerned with the consumer's general opinion of them." *Schlosser,* 323 F.3d at 536, *citing* SEN. REP. 95-382, at 2 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696. The FDCPA defines "creditors" as:

> any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such a debt for another.

15 U.S.C. § 1692a(4). Therefore, "the Act treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee." *Whitaker,* 129 F.3d at 959.

**Plaintiff's Obligation is a "Debt"**

Plaintiff's obligation falls within the FDCPA's definition of "debt." The FDCPA defines "debt" as the "obligation of a consumer to pay money arising out of a transaction in which the

5

money . . . which [is] the subject of the transaction [is] primarily for personal, family or household purposes." 15 U.S.C. § 1692a(5). The definition of "debt" is clear and "in the absence of ambiguity, our inquiry is at an end, and we must enforce the congressional intent embodied in the plain wording of the statute." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1325 (7th Cir. 1997) (holding that "[a]s long as the transaction creates an obligation to pay, a debt is created" and rejecting the suggestion that the Act requires that the debt flow from a specific type of consumer transaction). The language of the definition is broad and includes loans, which are primarily for household purposes.

The SBA "Loss Verification Report" describing the damage to Plaintiff's home states, "severe storms and flooding caused 13'' rising water in basement." (Pl.'s Statement of Material Fact Supp. Mot. Summ. J. Ex. C.) Because of this damage, Plaintiff applied for and received the loan to repair her home and to fund mitigating steps to prevent water damage in the future. (*Id.* Ex. C, Ex. K). Thus, Plaintiff obtained the loan primarily for household purposes. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000) (stating "we cannot say it is senseless to base the debt collector's obligation on the character of the debt when it arose rather than when it is to be collected."). Although Defendants do not admit that Plaintiff's loan was a "debt" used for "household purposes," documentation from Plaintiff's loan application and assessments indicates that there is no genuine issue of material fact that this loan was for "household purposes" and therefore falls within the FDCPA's definition of "debt." (Pl.'s Statement Material Fact Supp. Mot. Summ. J. Ex. C, Ex. K.)

**Cadleway is a "Debt Collector"**

Cadleway is a "debt collector" within the meaning of the FDCPA. Cadleway contends that it is a "creditor" because Plaintiff's obligation is directly due to Cadleway, and because Cadleway's

principal purpose is not the collection of consumer debts. (Mem. Supp. Defs.' Mot. Summ. J. 3.) However, Plaintiff asserts that Cadleway is a "debt collector" within the meaning of the FDCPA because at the time it acquired Plaintiff's debt, the debt was in default. (Pl.'s Mem. Opposition Defs.' Mot. Summ. J. 6.) Debts that are acquired, but do not "originate with the one attempting . . . collection of the debt could logically fall into either category," creditor or debtor. *Schlosser,* 323 F.3d at 539 (holding that the defendant was a "debt collector" within the meaning of the Act because the defendant "attempted to collect on a debt that it asserted to be in default and because the asserted default existed when [the defendant] acquired the debt."). An individual who acquires a debt and continues to service it acts "much like the original creditor who created the debt;" however an individual who purchases or otherwise acquires the "debt for collection, is acting more like a debt collector." *Id.* at 536. The FDCPA utilizes the "status of the debt at the time of the assignment" to determine whether the individual is a "debt collector" or a "creditor." *Id.* The FDCPA indicates that if an individual acquires a debt that is in default, the individual is a "debt collector;" the Act's "language in § 1692a(6)(F) tells us that an individual is not a 'debt collector' subject to the Act if the debt he seeks to collect was not in default at the time he purchased (or otherwise obtained) it." *Bailey,* 154 F.3d at 386.

Cadleway did not extend the credit that binds Plaintiff. The SBA initially extended the loan to Plaintiff and the letter sent by Cadleway to Plaintiff states, "Cadleway Properties, Inc. purchased your loan from Lehman Capital." (Pl.'s Resp. Defs.' Statement Material Facts Ex. Dx 1.) At the time Cadleway purchased Plaintiff's loan in August of 2004, Plaintiff had not made a payment on the loan since October 21, 2002. (Pl.'s Statement Material Facts Supp. Mot. Summ. J. Ex. N.) Although Cadleway disputes that it is a "debt collector," the account "Payment History" indicates that a payment had not been made on the loan since October 21, 2002. (Pl.'s Statement Material

7

Facts Supp. Mot. Summ. J. Ex. N.) In acquiring the loan, Cadleway was not acting as a creditor servicing the loan; it was acting as a "debt collector" seeking to collect the debt. [3]

Because loan documentation indicates that Cadleway acquired Plaintiff's loan while it was in default, and because Cadleway regularly engages in the practice of collecting debts there is no genuine issue of material fact that Cadleway is a "debt collector" within the meaning of the FDCPA.

**Scialoia is Not a "Debt Collector" under the FDCPA**

As to Cadleway's employee, Scialoia, there is no genuine issue of material fact that she is not a "debt collector" under the FDCPA. Defendant asserts that Scialoia is exempt under the FDCPA as an employee, and Plaintiff admitted that in sending the letter, Scialoia was attempting to collect a debt in the name of Cadleway. (Pl.'s Resp. Defs.' Statement Material Fact 9; Defs.' Brief Supp. Mot. Summ. J. 4-5.) The FDCPA "does not contemplate personal liability for shareholders or employees of debt collection companies who act on behalf of these companies . . . [t]he debt collection company answers for its employees' violations of the statute." *Pettit,* 211 F.3d at 1059. **Damages**

Plaintiff limited her request for damages to the damages authorized by statute, plus attorneys fees and costs. Because Plaintiff has limited herself solely to damages authorized by statute, "[a]ll that is required is proof that the statute was violated." *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997). Plaintiff does not have to prove that she was actually misled. *Id.* Because there is no

---

[3] In addition, on June 16, 2005 Cadleway's General Counsel issued a letter responding to Plaintiff's interrogatory request. (*Id.* Ex. P.) In response to an interrogatory regarding how many letters matching the form of the letter in this case were sent to other individuals since September 24, 2003, Cadleway responded, "Defendants best estimate is 3,448." (*Id.*) Cadleway's contention that it does not principally engage in the collection of debt is belied by the letter indicating that Cadleway does so on a regular basis, sending roughly 3,448 form letters in less than two years.

genuine issue of material fact that the statute was violated in light of Judge Guzman's prior opinion and this opinion, Plaintiff need not demonstrate that she suffered personal damages in order to recover damages authorized by statute.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment is granted with respect to Cadleway because there is no genuine issue of material fact that within the meaning of the FDCPA Cadleway is a "debt collector" and Plaintiff's obligation is a "debt." Plaintiff's motion is denied with respect to Scialoia as there is no genuine issue of material fact that she is not a "debt collector" under the FDCPA. Defendants' cross-motion for summary judgment is correspondingly granted with respect to Scialoia and denied with respect to Cadleway.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: December 4, 2006

9